UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PAULA EDNA JOHNSON,
Plaintiff-Appellant,

v.

No. 96-2408

K-MART CORPORATION; HAL LEWIS;
MARK KUHLMAN,
Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CA-95-75-H)

Submitted: October 31, 1997

Decided: December 2, 1997

Before HALL, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas D. Logie, Front Royal, Virginia, for Appellant. R. Craig
Wood, H. Dill Battle, III, MCGUIRE, WOODS, BATTLE &
BOOTHE, L.L.P., Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Paula Edna Johnson brought suit against K-Mart and two of its employees alleging that the Defendants discriminated against her in violation of Title VII, 42 U.S.C. § 2000e-2000e-17 (1994), based upon her religious beliefs and practices. The district court granted summary judgment to the Defendants and dismissed the action. Johnson appeals, alleging that the district court erred when it found as a matter of law that she was not constructively discharged. Finding no error, we affirm.

Johnson was a personnel and training manager at K-Mart. This litigation arose in April 1994 when K-Mart initiated a new policy to eliminate "sweetheart schedules," schedules which require no weekend working hours, in its stores. The new policy required Johnson to work one Sunday per month. Because working on Sunday interfered with her religious beliefs, Johnson resigned from her position on November 5, 1994. During her exit interview, Johnson told her employers that K-Mart's implementation of the new policy was forcing her to choose between attending church on Sunday and her employment with K-Mart.

Defendants Lewis and Kuhlman, two K-Mart managers, offered Johnson an accommodation: she could work either before or after church on the one Sunday a month that she would be scheduled to work. Johnson refused the offer and instead proposed that they give her a job in the pharmacy which was closed on Sundays thereby negating the scheduling problem. K-Mart declined her offer because of the cost it would incur to train Johnson for the position and in paying Johnson full-time wages and benefits when it desired to fill the position with two part-time employees.

To establish a prima facie religious accommodation claim under Title VII, the plaintiff must: (1) have a bona fide religious belief which conflicts with an employment requirement; (2) inform the employer of the belief; and (3) be disciplined for failing to comply with the conflicting requirement. See Chalmers v. Tulon Co. of Richmond, 101 F.3d 1012, 1019 (4th Cir. 1996), cert. denied, 65

2

U.S.L.W. 3815 (U.S. Oct. 6, 1997) (No. 96-1874). If the plaintiff presents a prima facie case, the burden shifts to the defendant to show that it was unable to reasonably accommodate the plaintiff's religious needs without undue hardship. Id.

Johnson conceded that the only adverse action taken against her relates to her resignation from K-Mart. She does not claim that the Defendants actually fired her; she alleges that she was constructively discharged. An employee is entitled to relief under Title VII if an employer "deliberately" makes the "working conditions" of the employee "intolerable" in an effort to induce the employee to quit. See Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1353-54 (4th Cir. 1995). In order to establish such a claim of constructive discharge, the plaintiff must prove deliberateness of the employer's actions and intolerability of the working conditions. Id. at 1354. The plaintiff must also prove that the actions complained of were intended by the employer as an effort to force the employee to quit. Id. Intent may be shown by evidence that an employee's resignation was the reasonably foreseeable consequence of the employer's conduct and may be inferred from the employer's failure to act when he knows of intolerable conditions. See Amirmokri v. Baltimore Gas and Elec. Co., 60 F.3d 1126, 1132-33 (4th Cir. 1995).

Even assuming that working conditions for Johnson were intolerable because her religious belief prohibited her from working on Sunday, Johnson cannot show that K-Mart deliberately adopted the requirement that she work one Sunday per month to induce her to quit her job. By Johnson's account, all employees were subject to the same requirement. In addition, the Defendants attempted to accommodate Johnson's religious belief by offering her an opportunity to attend services on Sunday before or after she worked. While we refrain from ruling upon whether this is a reasonable accommodation under Title VII, it is evidence that the Defendants attempted to keep Johnson employed. Johnson has not produced any evidence from which a reasonable factfinder could infer that the Defendants enacted the scheduling policy intending that it would force Johnson to quit. Because Johnson cannot prove constructive discharge and therefore cannot establish a prima facie case of religious discrimination, we find that the district court did not err in granting summary judgment to the Defendants. Because Johnson cannot establish a prima facie

3

case, it is unnecessary to decide if K-Mart reasonably accommodated Johnson's Sabbatarian belief.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4